UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **HEIDI LIN FOREMAN** | \* | **CIVIL ACTION NO. 12-2833** |
| **VERSUS** | \* | **JUDGE DOHERTY** |
| **COMMISSIONER OF SOCIAL SECURITY** | \* | **MAGISTRATE JUDGE HILL** |

**RULING ON MOTION FOR AUTHORIZATION OF FEES
UNDER 42 U.S.C. § 406(b)**

Pending before the undersigned is Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by attorney Matthew D. Lane, Jr. ("Lane"), representing social security claimant, Heidi Lin Foreman ("Foreman"), on August 1, 2014. [rec. doc. 20]. Defendant, the Commissioner of the Social Security Administration ("Commissioner"), filed a response on August 21, 2014. [rec. doc. 23].

**Background**

On November 5, 2012, Foreman filed a Complaint for judicial review with this Court, appealing the denial of her claim for social security benefits. By Report and Recommendation dated January 30, 2014, the undersigned recommended that the Commissioner's decision be reversed, and that claimant be awarded appropriate benefits as of August 1, 2009. [rec. doc. 12]. On February 20, 2014, Judge Doherty entered a Judgment adopting the Report and Recommendation, reversing the Commissioner's decision and awarding benefits from August 1, 2009. [rec. doc. 13].

On February 28, 2014, Foreman filed an Unopposed Motion for Extension of Time to File Motion for Attorney's Fee under Rule 54. [rec. doc. 14]. The Court granted the extension by Order dated March 6, 2014. [rec. doc. 15].

On May 21, 2014, Foreman, filed a Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA"), which was unopposed. [rec. doc. 16]. By Stipulated Order for Attorney Fees entered on June 11, 2014, the undersigned awarded $2,700.00 in attorney's fees to plaintiff under EAJA. [rec. doc. 19].

On August 1, 2014, Foreman filed the instant Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b). [rec. doc. 20]. The Commissioner opposed the motion the grounds that Foreman's counsel is entitled to a reasonable fee for his federal court-related representation only.

## **Analysis**

By letter dated June, 28, 2014, the Social Security Administration advised Lane that the sum of $10,674.00, which represented 25% of Foreman's past-due benefits, was being withheld for attorney fees. [rec. doc. 20, Exhibit D]. On August 1, 2014, Lane filed the instant motion for attorney fees, in which he requested $10,674.00, which he claimed represented 25% of Foreman's past-due benefits. [rec. doc. 20].

In support of his motion, Lane attached an invoice representing his fees rendered from March 15, 2010, through July 31, 2013. [rec. doc. 20, Exhibit F]. In the invoice, Lane requested fees for 27.50 hours for work performed at the administrative level and

28.00 hours for worked performed at the federal court level, for a total of 55.50 hours.

Attached to the motion is Lane's Contingency Fee Agreement, which provides for a fee of "twenty-five percent (25%) of any and all past-due benefits awarded to my family and me." [rec. doc. 20, Exhibit A].

By this motion, Lane seeks fees pursuant to 42 U.S.C. § 406(b), which provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation . . .

42 U.S.C. § 406(b)(1)(A).

Section 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court. *Murkeldove v. Astrue*, 635 F.3d 784, 788 (5th Cir. 2011). This statute does not displace contingent-fee agreements within the statutory ceiling; instead, it instructs courts to review for reasonableness fees yielded by those agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). As an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, the court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases. 535 U.S. at 808, 122 S.Ct. at 1828.

In his Invoice, Lane requests 27.50 hours for fees incurred at the administrative level for two applications, as well as 28.00 hours for fees incurred at the federal court

3

application for these applications.

To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates in the community. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). A reasonable rate is the market rate. *Conner v. Mid South Insurance Agency, Inc*., 943 F.Supp. 663, 667 (W.D. La 1996).

The Court has reviewed the application, and finds that the amount of time expended is reasonable. Additionally, I find that Lane's experience before this Court, as well as the prevailing rate for attorneys in this area, supports the hourly rate claimed.

Under established law, however, Lane is not entitled to be compensated by this Court for time spent at the administrative level. *Gisbrecht*, 535 U.S. at 794, 122 S.Ct. at 1821. A review of the fee application shows that 27.50 hours were spent at the administrative level, which is about half the amount spent before this Court. Thus, the Court hereby reduces the amount requested by one-half.

Lane represents that the previously-ordered EAJA award of $2,700.00 will, upon receipt of the Section 406(b) award, be refunded to Foreman as required by law.

Accordingly,

**IT IS ORDERED** that the Motion for Attorney's Fees is **GRANTED IN PART**, and the Court awards fees in the amount of **$5337.00**, to be paid from the past-due

benefits held by the Commissioner.[1]

**IT IS FURTHER ORDERED** that, upon receipt of the § 406(b) fee, Lane shall return to Foreman the $2,700.00 EAJA fee that was awarded earlier in this case.[2]

Signed November 2, 2014, at Lafayette, Louisiana.

                                                        C. MICHAEL HILL
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Claimant may seek fees for services performed before the Social Security Administration from the agency.  42 U.S.C. § 406(a).

[2] Lane informed the Court that the Commissioner had not paid the fee; however, he received correspondence from the Office of General Counsel, Region VI dated July 9, 2014, confirming that payment would be made in due course.  [rec. doc. 20, p. 2, n. 4].